# JANET FELICIANO *v.* STATE OF CONNECTICUT ET AL.
## (SC 20373)

Robinson, C. J., and Palmer, McDonald, D'Auria,
Mullins, Kahn and Ecker, Js.*

*Syllabus*

Pursuant to statute (§ 52-556), "[a]ny person injured . . . through the negligence of any state official or employee when operating a motor vehicle owned and insured by the state against personal injuries . . . shall have a right of action against the state to recover damages for such injury."

Pursuant further to statute (§ 31-284 (a)), an employer otherwise in compliance with § 31-284 "shall not be liable for any action for damages on

ber's rating includes the relevant joint; thus, there is no reasonable argument that the entire member is lost in that instance, with only a portion of its function lost as a result of the joint replacement. We also recognize that artificial mechanisms exist that would sustain heart functioning in place of a heart composed of living tissue. See J. Cook et al., "The Total Artificial Heart," 7 J. Thoracic Disease 2172, 2172 (2015). The organ at issue in the present case, however, is one that is enumerated under § 31-308 (b) and that was completely replaced by living tissue. We note, therefore, that this case does not disturb the treatment of joint replacements, which replace a part of a member and are distinct from a total replacement of an enumerated organ, such as the heart. See *Rayhall* v. *Akim Co.*, supra, 263 Conn. 357 (recognizing that maximum medical improvement of leg would be found after completion of knee replacement).

* The listing of justices reflects their seniority status on this court as of the date of oral argument.

Feliciano *v.* State

account of personal injury sustained by an employee arising out of and in the course of his employment," and "[a]ll rights and claims between [such] an employer . . . [and its] employees, arising out of personal injury . . . sustained in the course of employment are abolished other than rights and claims given by [the Workers' Compensation Act] . . . ."

The plaintiff, a state employee, sought to recover damages from the state for personal injuries she sustained when an uninsured motor vehicle struck a vehicle in which she was a passenger. The vehicle in which the plaintiff was riding was owned and insured by the state and operated by another state employee, T, who was acting in the course of his employment. The plaintiff alleged that T's operation of that vehicle was negligent and that T caused the collision. The state moved to dismiss the claim against it, contending that, because the plaintiff was eligible for and received workers' compensation benefits for her injuries, the state's waiver of sovereign immunity in § 52-556 did not apply to the plaintiff's negligence claim and that the trial court, therefore, lacked subject matter jurisdiction. The court granted the state's motion to dismiss for lack of subject matter jurisdiction, and the plaintiff appealed. *Held*:

1. The trial court had subject matter jurisdiction over the plaintiff's action against the state and, accordingly, improperly granted the state's motion to dismiss for lack of jurisdiction; contrary to the state's claim, its waiver of sovereign immunity in § 52-556 for claims arising from a state employee's negligent operation of a state owned and insured motor vehicle extends to a litigant, such as the plaintiff, who is a state employee, as the phrase "[a]ny person" in § 52-556 signifies that the waiver applies without restriction to persons who are injured under the circumstances specified in that statute.

2. The plaintiff's action against the state was nevertheless barred by the workers' compensation exclusivity provision in § 31-284 (a) because the state's waiver of sovereign immunity pursuant to § 52-556 did not preclude the state from raising its defense to liability under § 31-284 (a), as nothing in § 52-556 expressly provides or otherwise suggests that the state has waived its right to present this, or any other, defense to liability: interpreting § 52-556 to implicitly waive the state's defense under § 31-284 (a) would be inconsistent with the express language of and the public policy principles underlying the workers' compensation exclusivity provision, of which the legislature was undoubtedly aware when it enacted § 52-556, as § 31-284 (a), which predates the enactment of § 52-556, manifests a legislative intent that the remedy available to employees who benefit from workers' compensation should be limited to those benefits and should preclude the right to bring a common-law tort action, and to read § 52-556 to preclude the state from asserting a defense under § 31-284 (a) would expand the rights of state employees beyond those envisioned in the workers' compensation statutory scheme by allowing them to recover damages from the state and to collect

Feliciano *v.* State

workers' compensation benefits, thereby providing them with greater rights than other employees injured in the course of employment; moreover, reading § 52-556 to waive the state's defense under § 31-284 (a) also would be inconsistent with the principle that this court must strictly construe waivers of sovereign immunity, as that interpretation would read the state's consent to jurisdiction in § 52-556 also to waive a defense to liability that is available to private employers, despite the absence of any language or necessary implication in the statute justifying that broad interpretation; accordingly, the form of the trial court's judgment was improper because the court should not have dismissed the action for lack of subject matter jurisdiction but should have rendered judgment for the state on the merits of its defense under § 31-284 (a).

Argued January 13—officially released August 24, 2020\*\*

*Procedural History*

Action to recover damages for personal injuries sustained as a result of the alleged negligence of the named defendant's employee, brought to the Superior Court in the judicial district of Hartford, where the trial court, *Cobb, J.*, granted the named defendant's motion to dismiss and rendered judgment thereon, from which the plaintiff appealed. *Improper form of judgment*; *reversed*; *judgment directed.*

*Gerald S. Sack*, with whom, on the brief, was *Jonathan A. Cantor*, for the appellant (plaintiff).

*Lorinda S. Coon*, for the appellee (named defendant).

*Opinion*

MULLINS, J. The plaintiff, Janet Feliciano, a state employee, appeals from the judgment of the trial court granting the motion to dismiss filed by the named defendant, the state of Connecticut (state).[1] We must resolve

\*\* August 24, 2020, the date that this decision was released as a slip opinion, is the operative date for all substantive and procedural purposes.

[1] The plaintiff appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

Although the plaintiff's complaint originally named the state, Constitution State Services, LLC, and Metropolitan Casualty Insurance Company (Metropolitan) as defendants, the plaintiff subsequently withdrew her claims against Constitution State Services, LLC, and Metropolitan, and those entities are not parties to this appeal.

Feliciano *v.* State

whether the state's waiver of sovereign immunity in
General Statutes § 52-556 for claims arising from a state
employee's negligent operation of a state owned and
insured motor vehicle extends to litigants who are state
employees.[2] The state claims that it does not. We con-
clude that it does.

The state contends that the judgment of the trial court
nevertheless may be affirmed on the alternative ground
that, even if § 52-556 applies to state employees, the
plaintiff's action is barred by the workers' compensa-
tion exclusivity provision in General Statutes § 31-284
(a).[3] More specifically, the state argues that the waiver
of sovereign immunity pursuant to § 52-556 does not

---

[2] General Statutes § 52-556 provides: "Any person injured in person or
property through the negligence of any state official or employee when
operating a motor vehicle owned and insured by the state against personal
injuries or property damage shall have a right of action against the state to
recover damages for such injury."

Section 52-556 is largely unchanged since the enactment of its predecessor
in 1927. See Public Acts 1927, c. 209, codified at General Statutes (Rev. to
1930) § 5988. For simplicity, we refer to both § 52-556 and its statutory
predecessor as § 52-556 throughout this opinion, and all references to the
enactment of § 52-556 are to the enactment of its predecessor in 1927.

[3] General Statutes § 31-284 (a) provides: "An employer who complies with
the requirements of subsection (b) of this section shall not be liable for any
action for damages on account of personal injury sustained by an employee
arising out of and in the course of his employment or on account of death
resulting from personal injury so sustained, but an employer shall secure
compensation for his employees as provided under this chapter, except that
compensation shall not be paid when the personal injury has been caused
by the wilful and serious misconduct of the injured employee or by his
intoxication. All rights and claims between an employer who complies with
the requirements of subsection (b) of this section and employees, or any
representatives or dependents of such employees, arising out of personal
injury or death sustained in the course of employment are abolished other
than rights and claims given by this chapter, provided nothing in this section
shall prohibit any employee from securing, by agreement with his employer,
additional compensation from his employer for the injury or from enforcing
any agreement for additional compensation."

Section 31-284 (a) has not substantively changed since the enactment of
its predecessor in 1913. See Public Acts 1913, c. 138, codified at General
Statutes (Rev. to 1918) § 5341. For convenience, we refer to both § 31-284
(a) and its statutory predecessor as § 31-284 (a) throughout this opinion,
and all references to the enactment of § 31-284 (a) are to the enactment of
its predecessor in 1913.

Feliciano *v.* State

preclude it from raising its defense to liability under
§ 31-284 (a). We agree. Because we also conclude that
the state is entitled to judgment as a matter of law, we
reverse the judgment of dismissal and remand this case
to the trial court with direction to render judgment in
favor of the state.[4]

The record reveals the following undisputed facts
and procedural history. On December 16, 2016, the plain-
tiff was a passenger in a motor vehicle owned and insured
by the state. The vehicle was being operated by another
state employee, William Texidor. Both Texidor and the
plaintiff were acting in the course of their employment
when another vehicle, operated by Tyreke Brooks,
struck their vehicle. At the time of the collision, Brooks'
vehicle was uninsured. As a result of the collision, the
plaintiff suffered various personal injuries for which
she required medical treatment and due to which she
lost wages. As the plaintiff conceded in response to the
state's request for admission, she filed for and received
workers' compensation benefits for her injuries and dam-
ages.

The plaintiff subsequently brought this action against,
inter alios, the state and Metropolitan Casualty Insurance
Company; see footnote 1 of this opinion; alleging that
Texidor's operation of the vehicle was negligent and
caused the collision. The state moved to dismiss count
one of the complaint, which was the only claim brought
against the state, for lack of subject matter jurisdiction
on the ground of sovereign immunity. In its motion, the
state argued that, because the plaintiff was eligible for
and received workers' compensation benefits, the
waiver of sovereign immunity in § 52-556 did not apply

_____

[4] After we transferred the appeal to this court, we granted permission to
both parties to file supplemental briefs. In their supplemental briefs, the
parties treat §§ 31-284 (a) and 52-556 as inconsistent with each other and
disagree as to which of the two statutes applies in the present case. As we
explain in the body of this opinion, we reject the premise of the parties'
arguments that §§ 31-284 (a) and 52-556 are inconsistent with each other.

to the plaintiff's claim, and the court, therefore, lacked subject matter jurisdiction.

Relying on this court's decision in *Sullivan* v. *State*, 189 Conn. 550, 457 A.2d 304 (1983), the trial court granted the motion to dismiss. Specifically, the trial court relied on a footnote in *Sullivan* in which this court noted, in relevant part, that "[t]here is no cause of action against the state on the ground of vicarious liability under § 52-556 when [the claim is] brought by a state employee" and the state provides that employee with workers' compensation benefits. Id., 555 n.7. Under those circumstances, this court concluded that the state is "immune from liability [in] any action for damages on account of personal injury sustained by an employee arising out of and in the course of his [or her] employment . . . ." (Internal quotation marks omitted.) Id. This appeal followed.

Sovereign immunity implicates this court's subject matter jurisdiction. E.g., *Miller* v. *Egan*, 265 Conn. 301, 313, 828 A.2d 549 (2003). Accordingly, prior to proceeding to the merits, we must first resolve the issue of whether § 52-556 waives the state's immunity from suit when the plaintiff is a state employee. See *St. Paul Travelers Cos.* v. *Kuehl*, 299 Conn. 800, 816, 12 A.3d 852 (2011) ("Once the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented. . . . The court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.)).

The general principles governing sovereign immunity are well established. "[W]e have long recognized the validity of the common-law principle that the state cannot be sued without its consent . . . ." (Internal quotation marks omitted.) *Smith* v. *Rudolph*, 330 Conn. 138, 143, 191 A.3d 992 (2018). "[A] litigant that seeks to overcome the presumption of sovereign immunity [pursuant to a statutory waiver] must show that . . . the legisla-

Feliciano *v.* State

ture, either expressly or by force of a necessary implication, statutorily waived the state's sovereign immunity . . . . In making this determination, [a court shall be guided by] the well established principle that statutes in derogation of sovereign immunity should be strictly construed. . . . [When] there is any doubt about their meaning or intent they are given the effect [that] makes the least rather than the most change in sovereign immunity. . . . Whether the legislature has waived the state's sovereign immunity raises a question of statutory interpretation.'' (Citation omitted; internal quotation marks omitted.) *Allen* v. *Commissioner of Revenue Services*, 324 Conn. 292, 299–300, 152 A.3d 488 (2016), cert. denied,     U.S.    , 137 S. Ct. 2217, 198 L. Ed. 2d 659 (2017).

To resolve the state's claim that the waiver of sovereign immunity in § 52-556 does not extend to state employees, we turn to the language of the statute. See General Statutes § 1-2z. Section 52-556 provides: ''Any person injured in person or property through the negligence of any state official or employee when operating a motor vehicle owned and insured by the state against personal injuries or property damage shall have a right of action against the state to recover damages for such injury.'' It is well established that § 52-556 expressly waives the state's immunity from suit for civil actions brought by employees who are not employed by the state. See, e.g., *Hicks* v. *State*, 297 Conn. 798, 802, 1 A.3d 39 (2010) (acknowledging express waiver); *Rivers* v. *New Britain*, 288 Conn. 1, 13, 950 A.2d 1247 (2008) (same); *Allison* v. *Manetta*, 284 Conn. 389, 396, 933 A.2d 1197 (2007) (same).

The question presented in this appeal is whether that waiver, which applies to ''[*a*]*ny* person'' who is injured under the circumstances specified by § 52-556, extends to a person who is a state employee. (Emphasis added.) The statute does not define or otherwise limit the term ''any.'' Therefore, we rely on General Statutes § 1-1 (a),

Feliciano *v.* State

which directs that, "[i]n the construction of the statutes, words and phrases shall be construed according to the commonly approved usage of the language . . . and understood accordingly."

Merriam-Webster's Collegiate Dictionary defines the word "any" as "EVERY—used to indicate one selected without restriction . . . ." Merriam-Webster's Collegiate Dictionary (11th Ed. 2003) p. 56. The phrase "any person," therefore, signifies that the waiver applies *without restriction* to persons who are injured under the circumstances specified in § 52-556. The language is unambiguous. Consequently, the waiver of sovereign immunity from suit in § 52-556 extends to persons who are state employees, and, therefore, the court had jurisdiction over this action.

We find unpersuasive the state's reliance on dictum from this court's decision in *Sullivan* v. *State*, supra, 189 Conn. 555–56 n.7, as support for its position that the trial court lacked subject matter jurisdiction over the present case on the basis that the state had not waived its sovereign immunity. Specifically, the state contends that, under *Sullivan*, § 52-556 does not waive sovereign immunity with respect to actions brought by state employees or their representatives when the state has provided workers' compensation benefits. Even if we agreed with the state's reading of *Sullivan*, which we do not, the state's interpretation of the dictum in that decision runs contrary to the plain language of § 52-556.

We acknowledge that there appears to be some confusion regarding whether the statements in *Sullivan* implied that a trial court lacks subject matter jurisdiction over the state employee's claim or simply that the claim fails on its merits. We take this opportunity to clarify those remarks.

In *Sullivan*, the plaintiff, relying on the motor vehicle exception to the Workers' Compensation Act in General

Feliciano *v.* State

Statutes § 31-293a, brought a wrongful death action, alleging negligent operation of a motor vehicle, where both the defendant and the plaintiff's decedent were state employees acting in the course of their employment at the time of the accident. See id., 550–51. The defendant state employee moved to dismiss the action on the ground that it was barred by the immunity granted to state employees pursuant to General Statutes (Rev. to 1983) § 4-165.[5] Id., 551–52. The plaintiff in *Sullivan* had conceded that the immunity pursuant to that statute applied under the facts of the case. See id., 552–53. As a result, in the absence of any statutory waiver of the state's sovereign immunity, this court concluded that the case was not properly before it due to the plaintiff's failure to first present her claim to the Claims Commissioner. See id., 553–55, 559.

In a footnote, this court, in dictum, rejected the state's suggestion "that the plaintiff might have an authorized action at law against the state under . . . § 52-556." Id., 555 n.7. This court explained that, although § 52-556 waives the state's sovereign immunity for claims arising from a state employee's negligent operation of a state owned and insured motor vehicle, "the state retains the right to interpose any lawful defense." Id. Following that comment, this court stated that § 52-556 was "inapplicable to the plaintiff" because "[t]here is no cause of action against the state . . . under § 52-556 when brought by a state employee or his representative." Id.

This court then discussed the relationship between § 52-556 and the workers' compensation statutory scheme. The court explained that, when the legislature

[5] General Statutes (Rev. to 1983) § 4-165 provides in relevant part: "No state officer or employee shall be personally liable for damage or injury, not wanton or wilful, caused in the performance of his duties and within the scope of his employment. Any person having a complaint for such damage or injury shall present it as a claim against the state under the provisions of this chapter. . . ."

Feliciano *v.* State

enacted § 52-556, the state already had agreed to participate in the workers' compensation program and, therefore, "had already expressly delineated its liability to [state] employees . . . ." Id., 556 n.7. The form of that liability, the court stated, came with the mutual waiver of rights that is integral to the workers' compensation statutory scheme—the employer's acceptance of the form of strict liability imposed by the workers' compensation program in exchange for the employee's acceptance of a limitation on remedies in tort. See id., 555–56 n.7. This court in *Sullivan* understood the scope of the waiver of immunity in § 52-556 in that context.

Accordingly, the court rejected the proposition that, when the legislature enacted § 52-556, it intended to *expand* the rights of state employees, allowing them to recover against their employer in a tort action in addition to receiving workers' compensation benefits. In other words, a state employee's remedy against his or her employer is not a cause of action in tort but, rather, is the administrative remedy provided through the workers' compensation program. The court's statement, therefore, that "[t]here is no cause of action" for state employees pursuant to § 52-556 does not mean that such claims are barred by sovereign immunity. Id., 555 n.7. This court's decision in *Grant* v. *Bassman*, 221 Conn. 465, 604 A.2d 814 (1992), sheds further light on the meaning of our statement in *Sullivan*. In *Grant*, this court expressly rejected the proposition that the workers' compensation exclusivity provision implicates subject matter jurisdiction. See id., 471–73. We began by acknowledging that, "[i]n the past, parties have raised and we have reviewed claims that an injured plaintiff's exclusive remedy is under the Workers' Compensation Act both by way of a motion to dismiss and by way of a special defense." Id., 471. We then explained that, rather than depriving the trial court of jurisdiction, however, § 31-284 (a) effected the "*destruction of an otherwise existent common-law right of action.*"

Feliciano *v.* State

(Emphasis in original; internal quotation marks omitted.) Id., 472.

In place of the extinguished cause of action at common law, an employee's remedy against a participating employer is an administrative one, through the workers' compensation program. Some of the confusion arose, we said, because the substituted remedy "involves a special tribunal, rather than the Superior Court." (Internal quotation marks omitted.) Id. That result, we explained, "is a mere incident of the destruction of the common-law right of action. *In other words, there is not a lack of jurisdiction in the court but a want of a cause of action in the plaintiff.*" (Emphasis in original; internal quotation marks omitted.) Id. Accordingly, consistent with the plain language of § 52-556, *Grant* and *Sullivan* support the conclusion that the availability of workers' compensation benefits to state employees does not divest the courts of jurisdiction over a claim filed by a state employee pursuant to § 52-556 but is, instead, a defense to an otherwise cognizable claim.

Having concluded that the trial court had jurisdiction pursuant to the waiver of sovereign immunity in § 52-556, we turn to the state's alternative ground for affirmance. Specifically, we consider whether we may affirm the judgment of the trial court on the alternative ground that the plaintiff's claim is barred by § 31-284 (a). The state argues that, even if § 52-556 waived the state's sovereign immunity from suit, the state can still assert a defense in this action under § 31-284 (a). In response, the plaintiff contends that the waiver of sovereign immunity in § 52-556 prohibits the state from asserting any defense, including the exclusivity provision in § 31-284 (a). We agree with the state that § 31-284 (a) precludes the plaintiff's claim.

Preliminarily, we observe that, although the trial court granted the state's motion to dismiss count one of the complaint for lack of subject matter jurisdiction,

Feliciano *v.* State

its analysis, by focusing on the preclusive effect of § 31-284 (a), went to the merits of the exclusivity defense. Thus, consistent with our prior decisions, we treat the state's motion to dismiss as a motion for summary judgment insofar as it relied on the exclusivity provision of § 31-284 (a), and the trial court's decision dismissing count one of the complaint as the rendering of judgment in favor of the state. See *D'Eramo* v. *Smith*, 273 Conn. 610, 615, 872 A.2d 408 (2005) (treating portion of Claims Commissioner's motion to dismiss that addressed merits of action as motion for summary judgment and treating trial court's dismissal as rendering of judgment in favor of Claims Commissioner).

Whether § 52-556 waives the state's right to assert the workers' compensation exclusivity provision as a defense presents a question of statutory construction over which we have plenary review. See, e.g., *Rutter* v. *Janis*, 334 Conn. 722, 730, 224 A.3d 525 (2020). Nothing in § 52-556 expressly provides or otherwise suggests that the state has waived its right to present this—or any other—defense to liability. Although the statute's silence on this point does not conclusively resolve the question, it militates against construing § 52-556 to waive defenses to liability.[6]

The silence of § 52-556 on this issue does not exist in a vacuum. As we did in *Sullivan*, we view the relation-

---

[6] We are unpersuaded by the plaintiff's contention that, because § 52-556 provides that any person who falls under the statutory waiver of immunity "shall" have a right of action against the state, the statute by necessity precludes the state from asserting any defense to its liability. The word "shall" in § 52-556, does not define a limit, or lack thereof, placed on the state's ability to defend an action brought by a member of the class of persons to whom the waiver is granted. Instead, the word "shall" signifies that members of the defined class of persons "shall" have a right of action against the state. The word "shall" is an auxiliary verb that qualifies the meaning of the verb "to have," by forming the verb phrase "shall have." Thus, the word "shall" indicates the mandatory nature of the waiver by stating that persons who fall within the ambit of the statute "*shall have* a right of action against the state . . . ." (Emphasis added.) General Statutes § 52-556.

ship between §§ 52-556 and 31-284 (a) in the proper
historical context. It is significant that § 31-284 (a) pre-
dates the enactment of § 52-556. Therefore, when the
legislature enacted § 52-556, it did so in the context of
the state's already existing, statutory defense to liability
pursuant to § 31-284. Specifically, § 31-284 (a) provides
in relevant part that "[a]n employer who complies with
the requirements of subsection (b) of this section *shall
not be liable for any action for damages* on account
of personal injury sustained by an employee arising out
of and in the course of his employment . . . ." (Empha-
sis added.) Subsection (a) of § 31-284 further provides
in relevant part that "[a]ll rights and claims between
an employer who complies with the requirements of
subsection (b) of this section and employees, or any
representatives . . . of such employees, arising out of
personal injury or death sustained in the course of
employment are *abolished* other than rights and claims
given by this chapter . . . ." (Emphasis added.) Thus,
the state, like any employer, enjoyed a defense to liabil-
ity for an employee's personal injuries sustained in the
course of employment, and, in exchange, the employee
enjoyed a speedy, no-fault remedy to recover for those
injuries.

Significantly, the right that the plaintiff contends was
conferred by § 52-556—the right to bring a cause of
action against her employer despite that employer's
compliance with the workers' compensation statutory
scheme—was abolished by § 31-284 (a) before § 52-556
was enacted. See *Grant* v. *Bassman*, supra, 221 Conn.
472 (observing that exclusivity provision effected
"destruction of an otherwise existent common-law right
of action" (emphasis omitted; internal quotation marks
omitted)). The enactment of § 52-556 opened an avenue
to sue the state, not just for state employees, but also
for private citizens. We see no evidence that the statute
intended to grant state employees the right to sue the
state *and* to collect workers' compensation, which

Feliciano *v.* State

would leave a state employee with greater rights than other employees injured in the course of employment.[7]

Indeed, through § 31-284 (a), the state already had precisely delineated its legal obligations to its employees at the time that § 52-556 was enacted. See *Sullivan* v. *State*, supra, 189 Conn. 556 n.7. By participating in the workers' compensation program, the state consented to liability within that statutory scheme. Put another way, by participating in the program, the state had already indicated the type of liability to which it consented with respect to its employees. In fact, this court has previously explained that the workers' compensation statutory scheme imposes "a form of strict liability" on employers, including the state. (Internal quotation marks omitted.) *Mingachos* v. *CBS, Inc.*, 196 Conn. 91, 97, 491 A.2d 368 (1985). Thus, it bears noting that the state's right to interpose the defense of the workers' compensation exclusivity provision does not deprive the plaintiff of the right to a remedy from the state. Instead, by virtue of the trade-off in the workers' compensation scheme, the plaintiff is limited to a particular type of remedy—workers' compensation benefits—and is precluded from availing herself of a remedy in tort.

This court has explained that "[§] 31-284 (a), the exclusivity provision in the [Workers' Compensation] [A]ct, manifests a legislative policy decision that a limitation on remedies under tort law is an appropriate trade-off for the benefits provided by workers' compensation. That trade-off is part and parcel of the remedial purpose of the act in its entirety." *Driscoll* v. *General Nutrition Corp.*, 252 Conn. 215, 220–21, 752 A.2d 1069 (2000). Specifically, "[t]he purpose of the [workers'] compensation statute is to compensate the worker for injuries arising out of and in the course of employment,

[7] We acknowledge that allowing the state to rely on the workers' compensation exclusivity provision renders the waiver in § 52-556 inapplicable to state employees, including the plaintiff, as a practical matter. That result, however, strikes the proper balance between §§ 52-556 and 31-284 (a).

Feliciano *v.* State

without regard to fault, by imposing a form of strict liability on the employer. . . . The act is to be broadly construed to effectuate the purpose of providing compensation for an injury arising out of and in the course of the employment regardless of fault. . . . Under typical workers' compensation statutes, employers are barred from presenting certain defenses to the claim for compensation, the employee's burden of proof is relatively light, and recovery should be expeditious. In a word, these statutes compromise an employee's right to a [common-law] tort action for [work-related] injuries in return for relatively quick and certain compensation.'' (Citations omitted; internal quotation marks omitted.) *Mingachos* v. *CBS, Inc.*, supra, 196 Conn. 97.

Interpreting § 52-556 to implicitly waive the state's defense pursuant to § 31-284 (a) would be inconsistent with the express language of and the public policy principles underlying the workers' compensation exclusivity provision, of which the legislature was undoubtedly aware when it enacted § 52-556. ''[T]he legislature is always presumed to have created a harmonious and consistent body of law . . . .'' (Internal quotation marks omitted.) *Board of Education* v. *State Board of Education*, 278 Conn. 326, 333, 898 A.2d 170 (2006). As we have explained, § 31-284 (a) manifests a legislative intent that the remedy available to employees who benefit from workers' compensation should be limited to those benefits and should preclude the right to bring a common-law tort action. Reading § 52-556 to preclude the state from relying on its defense pursuant to § 31-284 (a) would work the opposite effect, allowing state employees both to receive workers' compensation benefits and to bring a tort action against the state, thus expanding the rights of state employees beyond those envisioned in the workers' compensation statutory scheme.

Feliciano *v.* State

Reading § 52-556 to waive the defense pursuant to § 31-284 (a) also would be inconsistent with the precepts that we strictly construe waivers of sovereign immunity. See *Envirotest Systems Corp.* v. *Commissioner of Motor Vehicles*, 293 Conn. 382, 388, 978 A.2d 49 (2009). If we were to interpret § 52-556 to waive not only immunity from suit, but also the state's defense to liability pursuant to § 31-284 (a), we would read the state's waiver of sovereign immunity *broadly*. That interpretation would read the state's consent to jurisdiction in § 52-556 also to waive a defense to liability that is available to private employers, despite the absence of any language or necessary implication in the statute justifying that broad interpretation of the waiver. Accordingly, consistent with the purposes of both §§ 52-556 and 31-284 (a), we conclude that, although the waiver of sovereign immunity in § 52-556 extends to state employees, that waiver does not preclude the state from asserting a defense to liability on the basis of § 31-284 (a).

Finally, we observe that the plaintiff conceded in her responses to the state's request for admissions that she applied for and received workers' compensation benefits. Consequently, the trial court correctly concluded that the plaintiff's action against the state is barred by § 31-284 (a). See General Statutes § 31-284 (a). The form of the judgment, however, was improper because the trial court had jurisdiction over the plaintiff's complaint. See, e.g., *D'Eramo* v. *Smith*, supra, 273 Conn. 612 (form of judgment was improper when trial court granted motion to dismiss on basis that went to merits rather than jurisdiction); *New England Pipe Corp.* v. *Northeast Corridor Foundation*, 271 Conn. 329, 334, 338, 857 A.2d 348 (2004) (form of judgment was improper when trial court granted motion to dismiss but plaintiff's claim must be denied on merits).

336 Conn. 669 MAY, 2021 685

Feliciano *v.* State

The form of the judgment is improper, the judgment is reversed and the case is remanded with direction to render judgment for the state.

In this opinion the other justices concurred.